```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**LISA MARIE KERR,**

    **Plaintiff,**

**v.**                                              Civil Action No. 2:20-cv-00190

**SHANNON MCKAY, LANCE WHALEY,
and WEST VIRGINIA DEPARTMENT
OF HEALTH AND HUMAN RESOURCES,**

    **Defendants.**

<u>Memorandum Opinion and Order</u>

Pending are defendant West Virginia Department of Health and Human Resources' ("Department of Health and Human Resources") motion to dismiss, filed March 24, 2020 (ECF No. 3), defendant Lance Whaley's motion to dismiss, filed March 24, 2020 (ECF No. 6), and defendant Shannon McKay's motion to dismiss, filed April 9, 2020 (ECF No. 9).

This action for damages stems from alleged incidents of "sex/gender bias" that allegedly prompted the defendants to launch "a retaliation campaign that resulted in the August 29, 2019 [two-week s]uspension" without pay of the plaintiff. ECF No. 1-2, at ¶ 2. Specifically, Kerr alleges in her complaint that the defendants' conduct was motivated by their "distaste for non-gender-conforming lesbians" like her. <u>Id.</u> At the time of the alleged incidents, Kerr was employed as a Social Service Worker II at the Department of Health and Human Resources office

in Lincoln County, West Virginia, where Whaley served as Regional Supervisor and McKay served as Community Service Manager.  Id. at ¶¶ 2, 12, 14-15.

Kerr, a licensed attorney proceeding pro se, filed this action in the Circuit Court of Kanawha County on February 18, 2020.  Id. at 1.  The complaint alleges the following four claims against the three defendants: (1) "Title VII Retaliation" under 42 U.S.C. § 2000e-3(a) ("Claim One" of the complaint); (2) "State Law Defamation" ("Claim Two"); (3) "Denial of Due Process" under 42 U.S.C. §§ 1983 and 1985(3) ("Claim Three"); and (4) "Title VII Discrimination" ("Claim Four").  Id.  The defendants removed the action to this court on March 17, 2020 (ECF No. 1), and thereafter filed the pending motions to dismiss.

The case was referred to United States Magistrate Judge Dwane L. Tinsley, who on August 17, 2020, submitted a Proposed Findings and Recommendation ("PF&R") for disposition of the pending motions pursuant to 28 U.S.C. § 636(b)(1)(B).  ECF No. 18.  The magistrate judge recommends that the court grant the Department of Health and Human Resources' motion to dismiss insofar as it seeks dismissal of the defamation claim and the §§ 1983 and 1985(3) due process claims and deny the motion insofar as it seeks dismissal of the Title VII claims for retaliation and discrimination.  Id. at 9-13.  Specifically, as relevant to

Kerr's subsequent objections, the magistrate judge determined that the Department of Health and Human Resources is entitled to state sovereign immunity on Kerr's defamation claim inasmuch as the plaintiff seeks $3 million in damages without "limit[ing] her requested recovery to an insurance policy issued to WVDHHR that would cover her defamation claim against it." Id. at 11.

The magistrate judge also recommends that the court grant Whaley's motion to dismiss insofar as it seeks dismissal of the §§ 1983 and 1985(3) due process claims and Title VII claims and deny the motion insofar as it seeks dismissal of the defamation claim. Id. at 13-20. Specifically, as relevant to Kerr's subsequent objections, the magistrate judge determined that insofar as the plaintiff asserts §§ 1983 and 1985(3) claims against Whaley in his official capacity, she cannot do so inasmuch as the defendant works for the Department of Health and Human Resources, an agency of the sovereign State of West Virginia. Id. at 12-14. The magistrate judge further found that any substantive due process claims asserted against Whaley in his personal capacity should be dismissed inasmuch as the plaintiff's interest in public employment is not "'a fundamental interest embodied in the Constitution' that is 'subject to substantive due process review.'" Id. at 14 n. 4 (quoting Huang v. Bd. of Governors, 902 F.2d 1134, 1142 n. 10 (4th Cir. 1990)).

3

The magistrate judge concluded that the § 1983 procedural due process claim against Whaley in his personal capacity should be dismissed inasmuch as the plaintiff was, according to her complaint, afforded "several predetermination hearings, an internal investigation, and an external investigation related to her suspension" by the Department of Health and Human Resources.  Id. at 14 (internal quotation marks omitted and citation omitted).  On similar grounds, the magistrate judge also found that the § 1985(3) procedural due process claim against Whaley in his personal capacity should be dismissed since it requires an underlying constitutional violation and the plaintiff had failed to allege a due process violation inasmuch as she acknowledged the process the Department of Health and Human Resources afforded her.  Id. at 17.

Finally, the magistrate judge recommends that the court grant McKay's motion insofar as it seeks dismissal of the Title VII claims and §§ 1983 and 1985(3) due process claims and deny the motion insofar as it seeks dismissal of the defamation claim.  Id. at 20-22.  The magistrate judge recommends dismissal of any and all due process claims alleged against McKay (substantive and procedural, as well as in her official and personal capacities) for the same reasons he recommends dismissal of these claims as alleged against Whaley.  Id. at 20-21.

4

The plaintiff contemporaneously filed a motion to amend her complaint (ECF No. 19) and two objections (ECF No. 20) to the August 17, 2020 PF&R on August 27, 2020. The motion to amend requested that the court grant Kerr leave to add the following language she says she inadvertently omitted from the conclusion of Paragraph 89 (which refers to damages) of the complaint: "As to DHHR, and DHHR only, Kerr requests damages only up to the total limit of all applicable insurance coverage." ECF No. 19. Kerr's first objection to the PF&R argues that "The Title VII Claims Against DHHR Should Not Be Dismissed, Because Kerr's Motion To Amend Cures the Inadvertent Omission," and states that leave should be granted to amend Paragraph 89 of the complaint. ECF No. 20, at 1. The magistrate judge granted leave to amend the complaint on September 22, 2020. ECF No. 28. The court notes, as the magistrate judge did in his September 22, 2020 order, that the language to be added to Paragraph 89 pertains to the defamation claim, rather than the Title VII claims, which the magistrate judge did not recommend be dismissed. Id.

On December 23, 2020, the court ordered Kerr to file her amended complaint on or before January 6, 2021 inasmuch as she had not yet filed it. ECF No. 29. On December 26, 2020, Kerr filed an amended complaint that includes the addition to Paragraph 89 limiting recovery against the Department of Health and Human Resources to the insurance coverage. ECF No. 30.

5

The second objection concerns the magistrate judge's recommendation that the §§ 1983 and 1985(3) procedural due process claims be dismissed.  Kerr argues that Gilbert v. Homar, 520 U.S. 924 (1997), establishes that due process for a government employee who is suspended without pay requires "reasonable grounds to believe that the charges against the employee are true and support the proposed action."  ECF No. 20, at 2 (quoting Gilbert, 520 U.S. at 929).  Kerr suggests that her complaint pleads facts that if proven, would demonstrate that "reasonable grounds" for the suspension did not exist, and therefore, her procedural due process claims against Whaley and McKay should not be dismissed.  Id. at 2-3.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)).

The magistrate judge's order granting leave to amend the complaint and the filing of the amended complaint have rendered the first objection moot.  As such, the objection is overruled, and the defamation claim alleged against the Department of Health and Human Resources may proceed.

6

Turning to the second objection, the court notes that the "reasonable grounds" language seized upon by Kerr is not a legal standard that entitles a plaintiff to recover under the Due Process Clause every time there turns out to be little justification for a government employee's suspension or termination. In Gilbert, the Supreme Court merely quoted the "reasonable grounds" language from Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532 (1985), to describe the purpose of pretermination hearings for public employees required under the Due Process Clause:

> In Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 105 S. Ct. 1487, 84 L.Ed.2d 494 (1985), we concluded that a public employee dismissable only for cause was entitled to a very limited hearing prior to his termination, to be followed by a more comprehensive post-termination hearing. Stressing that the pretermination hearing "should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action," id., at 545–546, 105 S. Ct., at 1495, we held that pretermination process need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story, id., at 546, 105 S. Ct., at 1495.

Gilbert, 520 U.S. at 929. Further, the Court has clarified that the "Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions." Bishop v. Wood, 426 U.S. 341, 350 (1976) (concluding that the plaintiff's argument that the reasons given for his discharge were false "neither enhances nor diminishes [his] claim that his

7

constitutionally protected interest in liberty has been impaired."). And "procedural due process does not require certain results — it requires only fair and adequate procedural protections." Tri Cnty. Paving, Inc. v. Ashe Cnty., 281 F.3d 430, 436 (4th Cir. 2002).

In the context of a public employee's suspension, the three familiar factors of Mathews v. Eldridge, 424 U.S. 319 (1976), inform the standard concerning what process is constitutionally due: "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest." Gilbert, 520 U.S. at 931-32 (quoting Mathews, 424 U.S. at 335). The magistrate judge appropriately balanced these factors against the backdrop of the complaint's allegations. ECF No. 18, at 15-16.

The court agrees with the magistrate judge's conclusion that the facts offered by the plaintiff do not support plausible procedural due process claims. The complaint offers a thorough timeline of the administrative disciplinary proceedings surrounding Kerr's suspension. See ECF No. 1-2, at 33-53. According to the plaintiff, those proceedings included an April 3, 2019 "predetermination letter" from McKay regarding

8

an incident of alleged misconduct by Kerr, an April 10, 2019 "predetermination conference" to address that misconduct, a May 31, 2019 predetermination letter from McKay regarding a second instance of alleged misconduct, a June 7, 2019 predetermination conference concerning that instance of alleged misconduct, and an August 29, 2019 suspension letter from Whaley explaining the reasons for the suspension. ECF No. 1-2. at ¶¶ 41-45, 50. The complaint, as well as the suspension letter attached thereto as an exhibit, indicates that Kerr was afforded a chance to explain her conduct during the two predetermination hearings, which as their name suggests, occurred prior to the suspension. Id. at ¶¶ 42, 45; ECF No. 1-2, at 29.

Kerr clearly has some interest in receiving a paycheck from the two weeks she was suspended as well as in a work record free of suspensions. But as the Supreme Court indicated in Gilbert, the interest in an "uninterrupted paycheck" as it relates to a temporary suspension without pay is "relatively insubstantial" compared with, for instance, termination of employment. Gilbert, 520 U.S. at 932. Further, the risk of erroneous deprivation of such an interest was low given the opportunities allegedly afforded by the predetermination conferences, and the government has a countervailing interest in quickly suspending employees for misconduct.

Moreover, the process that Kerr acknowledges she was afforded accords with the process required prior to termination of public employment. See Gilbert, 520 U.S. at 929 (citing the holding of Loudermill, 470 U.S. at 546, "that pretermination process need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story."). The process required for suspension is necessarily less than that for termination, and the Court in Gilbert found that even a post-suspension hearing, under the circumstances, met the requirements of the Due Process Clause under Mathews. Id. at 931-36.

Based on the foregoing, the court agrees with the magistrate judge that the plaintiff has failed to state plausible procedural due process claims against Whaley and McKay such that they may survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, the court notes that Kerr does not appear to challenge the magistrate judge's findings relating to substantive due process or procedural due process as it pertains to Whaley and McKay in their official capacities. Thus, Kerr's second objection to the PF&R is overruled.

Accordingly, it is ORDERED that:

1. Kerr's objections to the August 17, 2020 PF&R (ECF No. 20) be, and they hereby are, OVERRULED.

2. The magistrate judge's August 17, 2020 PF&R (ECF No. 18) be, and it hereby is, ADOPTED and INCORPORATED in full except that, consistent with the magistrate judge's September 22, 2020 order granting leave to amend the complaint and the December 23, 2020 order directing the plaintiff to file the amended complaint, which was filed on December 26, 2020, the defamation claim alleged against the Department of Health and Human Resources will not be dismissed.

3. The Department of Health and Human Resources' motion to dismiss (ECF No. 3) be, and it hereby is, GRANTED as to the §§ 1983 and 1985(3) claims and DENIED as to the defamation and Title VII claims. The 42 U.S.C. §§ 1983 and 1985(3) due process claims alleged against the Department of Health and Human Resources are dismissed.

4. Whaley's motion to dismiss (ECF No. 6) be, and it hereby is, GRANTED except as to the defamation claim. The 42 U.S.C. §§ 1983 and 1985(3) due process claims and the Title VII claims alleged against Whaley are dismissed.

5. McKay's motion to dismiss (ECF No. 9) be, and it hereby is GRANTED except as to the defamation claim. The 42

U.S.C. §§ 1983 and 1985(3) due process claims and the Title VII claims alleged against McKay are dismissed.

6. This matter is referred to the magistrate judge for further proceedings.

The Clerk is requested to transmit this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTER: December 29, 2020

John T. Copenhaver, Jr.
Senior United States District Judge