IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LISA MARIE KERR,

          Plaintiff,

v.                               CIVIL ACTION NO.   2:20-cv-00190

SHANNON McKAY, et al.,

          Defendants.

**ORDER**

    Before this Court is Defendant West Virginia Department of Health and Human Resources's ("WVDHHR") motion to strike Plaintiff Lisa Marie Kerr's ("Plaintiff") affidavit filed in support of her responses opposing the defendants' motions for summary judgment. (ECF No. 105.) Defendants Shannon McKay and Lance Whaley seek to join in WVDHHR's motion. (ECF Nos. 108, 109.)

    WVDHHR argues that Plaintiff's lengthy affidavit and its attached exhibits are an attempt to circumvent the page limitation this Court has imposed on her response brief in opposition to the defendants' motions for summary judgment and that Plaintiff has filed the affidavit without legal authority to do so. (ECF No. 105 at 6–8.) These arguments are meritless. Plaintiff has clearly filed her affidavit to support her responses opposing the defendants' motions for summary judgment, which the affidavit directly states and which WVDHHR seemingly acknowledges in its motion to strike. (ECF No. 93 at 1; *see* ECF No. 106 at 5–6.) Federal Rule of Civil Procedure 56(c)(1) and this Court's scheduling order (ECF No. 35 at 2) authorize—if not require—Plaintiff to file her own affidavit to support her allegations. Contrary to WVDHHR's assertions, Plaintiff's

affidavit is not a "fugitive" or "standalone" document simply because it is not directly attached to one of Plaintiff's briefs in opposition to the defendants' motions for summary judgment. Plaintiff filed three separate briefs—one in response to each defendant's motion—which she was entitled to do, and frankly it is more efficient for her to file the affidavit once and reference it in her briefs, as she has done in this case, than for her to file the affidavit and its numerous exhibits three times simply to attach it to each brief, as WVDHHR would purportedly have her do. Put simply, WVDHHR's arguments that Plaintiff's affidavit is unauthorized are not well-taken.

However, WVDHHR's contentions that the affidavit includes improper legal conclusions and hearsay evidence fare better. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). To that end, "summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citations omitted) (interpreting Rule 56(c)(4) language when it was located at Rule 56(e) in prior version). To the extent any of the statements in Plaintiff's affidavit are impermissible legal conclusions, speculation, hearsay, or otherwise inadmissible evidence, those statements will be properly disregarded in considering the defendants' motions for summary judgment. But the affidavit is by and large Plaintiff's personal narrative of her version of the facts in this case, and the fact that some of its assertions are inappropriate does not merit striking the affidavit in its entirety. *See id.* (affirming district court's decision to "str[ike] and disregard[] only those portions it deemed inadmissible or improper"). As such, WVDHHR's motion to strike (ECF No. 105) is **DENIED**.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:    July 15, 2021

        Dwane L. Tinsley
        United States Magistrate Judge